IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD NNADI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:17-cv-02996 |
| | § | |
| UNUM LIFE INSURANCE COMPANY | § | |
| OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## <u>NOTICE OF REMOVAL</u>

Defendant Unum Life Insurance Company of America ("Unum Life" or "Defendant"), for the purpose only of removing this cause to the United States District Court for the Southern District of Texas, Houston Division, states:

## I. <u>STATE COURT ACTION</u>

This case involves a dispute over disability benefits under an insurance policy (the "Policy") issued to Plaintiff Edward Nnadi ("Nnadi" or "Plaintiff"). On or about August 17, 2017, Nnadi filed suit against Defendant in the 61st Judicial District Court of Harris County, Texas, where it was numbered 2017-55114 on the docket of that court. Nnadi has asserted claims for breach of contract, violations of the Texas Insurance Code (the "Code"), violations of the Texas Deceptive Trade Practices – Consumer Protection Act (the "DTPA"), breach of the duty of good faith and fair dealing, fraud, and declaratory judgment. He seeks to recover actual damages, exemplary damages, treble damages, pre-judgment interest, post judgment interest, attorney's fees, and costs of court.

## II.  SUBJECT MATTER JURISDICTION EXISTS

**A.**     **Diversity Jurisdiction.**

**1.**     **The Parties Are Completely Diverse.**  Nnadi was a citizen of Texas at the time this action was filed and remains a citizen of Texas as of the date of this removal. Unum Life is a Maine insurance company with its principal place of business in Portland, Maine.  Unum Life was a citizen of Maine at the time this action was filed and remains a citizen of Maine as of the date of this removal.  Thus, complete diversity of citizenship exists between Nnadi and Defendant.

**2.**     **The Requisite Amount in Controversy is Satisfied.**     The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  In his lawsuit, Nnadi does not specify the range of damages that he seeks, which is a violation of Tex. R. Civ. P. 47(c).  Nevertheless, it is clear that the requisite amount in controversy is satisfied.

Specifically, Nnadi alleges in Plaintiff's Original Petition, Request for Disclosure and Jury Demand (the "Original Petition") that he became disabled as of September 12, 2015 and that the monthly benefits under the Policy are $2,400.00.  *See* Plaintiff's Original Petition at ¶¶ 11 and 19.  Nnadi further alleges that he "has been and remains disabled per the terms of the Policy."  *Id.* at ¶ 38.  Thus, according to Nnadi's allegations, he is owed benefits under the Policy since at least January 1, 2016 (accounting for the elimination period in the Policy for which no benefits are payable) to the current.  That is at least 19 months under Nnadi's allegations.  Furthermore, Nnadi seeks attorney's fees, mental anguish damages, treble damages, an 18% penalty under the Code, and exemplary

damages.  When considering these extra-contractual amounts, it is clear from Nnadi's pleading that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  *See, e.g., Pow Agroscience L.L.C. v. Bates,* 332 F.3d 323, 326 (5th Cir. 2003) (claim for $18,242.50, trebled under DTPA, plus attorneys' fees, meeting the $75,000.00 jurisdictional threshold); *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1255 (5th Cir. 1998) (claim for 18% penalty under the Code is included in the amount in controversy); *Graham v. Henegar*, 640 F.2d 732, 735-36 fn. 9 (5th Cir. 1981) (attorneys' fees must be included in calculating amount in controversy); *Cross v. Bell Helmets, USA,* 927 F. Supp. 209, 212-213 (E.D. Tex. 1996).  Because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### III.  REMOVAL IS PROPER

Because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441.  The citation and a copy of the Original Petition were served on Unum Life on September 14, 2017, at the earliest.  As such, the removal is timely under 28 U.S.C. § 1446.  Venue is proper in this Court under 28 U.S.C. § 1391, as this action was pending in a state court within this district and division.  Finally, and as discussed above, removal is timely under 28 U.S.C. § 1446(b).

## IV.  <u>STATE COURT DOCUMENTS ATTACHED</u>

Attached as Exhibit A is an "Index of State Court Documents," which includes true and correct copies of the state court docket sheet and all documents filed in the state court action.  These documents constitute all of the process, pleadings, or orders filed in state court or served on Defendants.

## V.  <u>RELIEF REQUESTED</u>

Defendant respectfully requests that the United States District Court for the Southern District of Texas, Houston Division, accept this notice of removal, assume jurisdiction of this cause, and issue all orders and processes necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,


By:  /s/ Dennis M. Lynch
   Dennis M. Lynch
   State Bar No. 90001506
   S.D. No. 23163
   dennis.lynch@figdav.com
   Attorney-in-Charge
   Cameron E. Jean
   State Bar No. 24097883
   S.D. No. 3121462
   cameron.jean@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANT
UNUM LIFE INSURANCE COMPANY
OF AMERICA


## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Marc Whitehead, Mr. J. Anthony Vessel, Ms. Britney Anne Heath McDonald, Marc Whitehead & Associates, LLP, 5300 Memorial Drive, Suite 725, Houston, Texas 77007, on this the 6th day of October, 2017.


     /s/ Dennis M. Lynch
     Dennis M. Lynch