# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD NNADI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:17-cv-02996 |
| | § | |
| UNUM LIFE INSURANCE COMPANY | § | |
| OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## <u>INDEX OF STATE COURT FILED DOCUMENTS</u>

<u>Date Received/Filed</u>

1.  Docket Sheet from Harris County, Texas, 61st Judicial        n/a
    District

2.  Plaintiff's Original Petition Request for Disclosure and        8/17/17
    Jury Demand

3.  Citation issued to Unum Life Insurance Company of        9/14/17
    America

Respectfully submitted,


By:  /s/ Dennis M. Lynch
        Dennis M. Lynch
        State Bar No. 90001506
        S.D. No. 23163
        dennis.lynch@figdav.com
        Attorney-in-Charge
        Cameron E. Jean
        State Bar No. 24097883
        S.D. No. 3121462
        cameron.jean@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANT
UNUM LIFE INSURANCE COMPANY
OF AMERICA


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Marc Whitehead, Mr. J. Anthony Vessel, Ms. Britney Anne Heath McDonald, Marc Whitehead & Associates, LLP, 5300 Memorial Drive, Suite 725, Houston, Texas 77007, on this the 6th day of October, 2017.


/s/ Dennis M. Lynch
Dennis M. Lynch

1

Office of Harris County District Clerk - Chris Daniel                                                      Page 1 of 2

**HCDistrictclerk.com**     NNADI, EDWARD vs. UNUM LIFE INSURANCE          9/20/2017
COMPANY OF AMERICA
Cause: 201755114      CDI: 7      Court: 061

**APPEALS**
No Appeals found.

**COST STATMENTS**
No Cost Statments found.

**TRANSFERS**
No Transfers found.

**POST TRIAL WRITS**
No Post Trial Writs found.

**ABSTRACTS**
No Abstracts found.

**SETTINGS**
No Settings found.

**NOTICES**
No Notices found.

**SUMMARY**

CASE DETAILS                                          CURRENT PRESIDING JUDGE

| | | | |
|---|---|---|---|
| **File Date** | 8/17/2017 | **Court** | 061st |
| **Case (Cause) Location** | Civil Intake 1st Floor | **Address** | 201 CAROLINE (Floor: 9) HOUSTON, TX 77002 Phone:7133686070 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | Insurance | **JudgeName** | FREDERICKA PHILLIPS |
| **Next/Last Setting Date** | N/A | **Court Type** | Civil |
| **Jury Fee Paid Date** | N/A | | |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| NNADI, EDWARD | PLAINTIFF - CIVIL | | WHITEHEAD, MARC STANLEY |
| UNUM LIFE INSURANCE COMPANY OF AMERICA | DEFENDANT - CIVIL | | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA MAY BE SERVED BY SERVING ITS | DEFENDANT - CIVIL | | |

Office of Harris County District Clerk - Chris Daniel                                      Page 2 of 2

## INACTIVE PARTIES
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 8/17/2017 | ORIGINAL PETITION | | | 0 | | WHITEHEAD, MARC STANLEY | NNADI, EDWARD |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|-----------|
| CITATION | SERVICE RETURNED | ORIGINAL PETITION | UNUM LIFE INSURANCE COMPANY OF AMERICA MAY BE SERVED BY SERVING ITS | 8/17/2017 | 8/23/2017 | 9/14/2017 | | | 73408370 | MAIL TO ATTORNEY |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| restricted | Citation | | 09/15/2017 | 2 |
| restricted | PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND | | 08/17/2017 | 20 |

2

8/17/2017 1:12 PM
Chris Daniel - District Clerk Harris County
Envelope No. 18909540
By: Lisa Thomas
Filed: 8/17/2017 1:12 PM

## 2017-55114 / Court: 061

No._____

| | | |
|---|---|---|
| EDWARD NNADI | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA | § | |
|     Defendant. | § | HARRIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**
**REQUEST FOR DISCLOSURE and JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

    1.    NOW COMES EDWARD NNADI, hereinafter referred to as "Plaintiff", and brings this action against UNUM LIFE INSURANCE COMPANY OF AMERICA, hereinafter referred to as "Defendant." Originally, the policy was issued by Provident Life and Accident Insurance Company. UNUM has purchased Provident Life and Accident Insurance Company.

    2.    Plaintiff brings this action to secure all disability benefits, whether they be described as short term and/or long term, or life waiver premium benefits to which Plaintiff is entitled under the disability insurance policy underwritten and administered by Defendant.

    3.    Defendant has underwritten and administered the policy and has issued a denial of the benefits claimed under the policy by the Plaintiff. The policy at issue can

1

be identified as Policy Number 06-337-5022283 for long term disability and waiver of premium.

## I. PARTIES

4.    Plaintiff is a citizen and resident of Harris County, Texas.

5.    Defendant is a properly organized business entity doing business in the State of Texas.  Defendant may be served with process by serving its registered agent, Corporation Service Company, addressed at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II. JURISDICTION AND VENUE

6.    This is an action for damages for failure to pay benefits under an insurance policy and other related claims over which this Court has jurisdiction. Specifically, the Plaintiff is a resident of the State of Texas and Defendant, a foreign corporation is authorized to do business in the State of Texas.

7.    The disability policy at issue in the case was issued in the State of Texas

## III. THE CLAIM ON THE POLICY

8.    Plaintiff has been a covered beneficiary under a disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became effective March 1, 1990.

9.    Plaintiff is a 62 year old man previously employed as a "Mental Health Hospital Technician".

10.    Mental Health Hospital Technician is classified under the Dictionary of Occupational Titles as Medium with an SVP of 6 and considered to be skilled work.

11.    Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on

2

September 12, 2015, as on this date Plaintiff suffered from lumbar spondylosis with chronic low back pain.

12.     Plaintiff alleges that he became disabled on September 12, 2015.

13.     Plaintiff filed for short term disability benefits with Defendant.

14      Short term disability benefits were denied.

15.     Plaintiff filed for long term disability and waiver of premium benefits through the plan administered by the Defendant.

16.     Defendant denied  long term disability benefits under the Plan pursuant to a letter to Plaintiff dated April 26, 2016.  Said letter allowed Plaintiff 180 days to appeal this decision.

18.     At the time Defendant denied Plaintiff further long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform his "Own Occupation".

19.     If granted the plan would pay monthly benefits of $2,400.00.

20.     Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

21.     Plaintiff timely perfected his administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

22.     Plaintiff submitted additional information including medical records to show that he is totally disabled from the performance of both his own and any other occupation as defined by the Plan.

23.     On January 6, 2017, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability and waiver of

3

premium benefits.

24.     Defendant also notified Plaintiff on January 6, 2017 that Plaintiff had exhausted his administrative remedies.

25.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on his ability to engage in work activities.

26.     Plaintiff has now exhausted his administrative remedies.

## IV.  MEDICAL FACTS

27.     Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

28.     Plaintiff suffers from degenerative disc disease (DDD), multiple herniated discs requiring surgery, hypertension, a tumor in the pituitary gland, glaucoma, and short term memory loss.

29.     Treating physicians document Plaintiffs disabilities and the continued pain.

30.     Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed his ability to engage in any form of exertional activity.

31.     Further Plaintiff's physical impairments have resulted in chronic pain and discomfort.

32.     Plaintiff's treating physicians document these symptoms.   Plaintiff does not assert that he suffers from said symptoms based solely on his own subjective allegations.

33.     Physicians have prescribed Plaintiff with multiple medications, including

4

narcotic pain relievers, in an effort to address his multiple symptoms.

34.    However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

35.    Plaintiff's documented pain is so severe that it impairs his ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

36.    Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

37.    The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

38.    As such, Plaintiff has been and remains disabled per the terms of The Policy and has sought disability benefits pursuant to said Policy.

39.    However, after exhausting his administrative remedies, Defendant persists in denying Plaintiff his rightfully owed disability benefits.

## V. Defendant's Unfair Claims Handling Practices

40.    On or about December 2, 2016, Defendant's internal vocational consultant, G. Shannon O'Kelley, M.Ed., CRC, senior vocational consultant, performed a paper review of Plaintiff's claim file.  Ms. O'Kelley performed the vocational analysis without benefits of an accurate job description from Plaintiff.  Instead, she relied upon a current opening with Jackson Memorial Hospital

5

41.     On or about February 2, 2016, and again on February 29, 2016, Defendant's internal consultant, Ann Marie Germain, RN, senior clinical consultant, performed a paper review of Plaintiff's claim file.

42.   On or about March 4, 2016, March 18, 2016, and again on March 25, 2016, Defendant's internal consultant, Robert Deters, M.D., physical medicine and rehabilitation, and pain management, performed a paper review of Plaintiff's claim file.

43.     Dr. Deters' report is misleading, biased and results driven in that the doctor failed to review all relevant medical records, the report ignores or is contrary to controlling medical authority.    The report fails to specify the medical standard upon which it relies.  The report is based on faulty or incorrect information.

44.     Further, Dr. Deters failed to consider all the claimant's illnesses.    The doctor failed to consider all the claimant's illnesses in combination.   The report is conclusory and results driven, as demonstrated by the fact that the report cherry-picks the information by overemphasizing information that supports the insurer's position and de-emphasizing information that supports disability and the report does not consider the standard of disability specified in the policy.

45.     On or about March 17, 2016, March 18, 2016, and again on March 25, 2016, Defendant's internal consultant, Suzanne Benson, M.D., physical medicine and rehabilitation, and pain medicine, performed a paper review of Plaintiff's claim file.

46.   Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on a biased report from Dr. Benson.  Defendant in bad faith, relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over

Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

47.     On or about November 28, 2016, Defendant's internal consultant, Susan K. Pendleton, RN, BSN, CCM, senior clinical consultant, performed a paper review of Plaintiff's claim file.

48.     On or about December 1, 2016, and again on December 7, 2016, Defendant's internal consultant, Wade H. Penny, III, M.D., orthopedic surgery, performed a paper review of Plaintiff's claim file.

49.     Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on a biased report from Dr. Penny.  Defendant in bad faith, relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

50.     On or about December 6, 2016, Defendant's internal consultant, Peter I. Brown, M.D., psychiatry, performed a paper review of Plaintiff's claim file.

51.     Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on a biased report from Dr. Brown.  Defendant in bad faith, relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

52.     Defendant has failed to consider Plaintiff's credible complaints of pain and fatigue which limit Plaintiff's ability to function.

7

53.     Defendant has selectively reviewed Plaintiff's medical records and has cherry-picked only the excerpts from the medical records that support its pre-determined conclusion that Plaintiff is not disabled.

54.     Defendant has failed to consider the side effects of Plaintiff's medication.

55.     Defendant failed to allow Plaintiff an opportunity to respond to new evidence. Specifically, there is an indication that a "David P. Jarry, M.D." reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

56.     Defendant's consultants completed their reports without examining Plaintiff.

57.     On January 6, 2017, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

58.     Defendant also notified Plaintiff on January 6, 2017 that Plaintiff had exhausted his administrative remedies.

59.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on his ability to engage in work activities.

60.     At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

61.     Defendant's determination was influenced by its conflict of interest.

62.     Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

63.   The LTD plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

64.   A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

65.   More information promotes accurate claims assessment.

66.   Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

67.   Defendant's conduct as a whole has failed to furnish a full and fair review of Plaintiff's claim.

## VI. FIRST CAUSE OF ACTION:

### Breach of Contract

68.   Plaintiff repeats and re-alleges paragraphs 1 through 67 of this Petition as if set forth herein.

69.   Plaintiff paid all premiums due and fulfilled all other conditions of the Plan.

70.   Under the terms of the Plan, Defendant is obligated to pay Plaintiff benefits, in full and without reservations of rights, during the period of time that Plaintiff is suffering totally disabled, as those words are defined in the Plan.

71.   In breach of its obligations under the aforementioned Plan, Defendant has failed to pay Plaintiff benefits in full and without any reservations of rights during the period of time that Plaintiff is suffering "totally disabled," as those words are defined in the Plan.

72.   Defendant denied benefits to Plaintiff under the Plan, despite the fact that Plaintiff was totally disabled, in that he cannot perform the material duties of his own

9

occupation, and he cannot perform the material duties of any other occupation which his medical condition, education, training, or experience would reasonably allow.

73.     Defendant breached the Plan when it denied benefits to Plaintiff, despite the fact that Plaintiff was suffering totally disability, as that phrase is defined in the Plan. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

74.     Plaintiff has complied with all Policy provisions and conditions precedent to qualify for benefits prior to filing suit.

75.     As a result of Defendant's breach, Plaintiff suffered financial hardship.

76.     By reason of the foregoing, Defendant is liable to Plaintiff for damages.

<u>**VII. SECOND CAUSE OF ACTION:**</u>

**Violations of Texas Insurance Code & DTPA**

77.     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1- 76 of this Petition as if fully set forth herein.

78.     Due to the aforementioned acts and omissions, Defendant has violated the Texas Deceptive Trade Practices Act sections and articles in the following ways:

(a)     Insurance Code Article § 541.051 by misrepresenting the terms or benefits and advantages of The Policy;

(b)     Insurance Code Article § 541.052 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policy;

(c)     Insurance Code Article § 541.060 by engaging in unfair settlement practices by (1) misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; (2) failing to attempt in

10

good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear; (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in The Policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim; (4) failing within a reasonable time to affirm or deny coverage of Plaintiff's claim; and (5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

(d)     Insurance Code Article § 541.061 by misrepresenting The Policy by (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose other matters required by law to be disclosed.

(e)     Business and Commerce Code § 17.46(b)(5) by representing that services had characteristics, uses and benefits that they did not have;

(f)     Business and Commerce Code § 17.46(b)(12) by representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve; and

11

(g)   Business and Commerce Code § 17.46(b)(24) by failing to disclose information concerning services which was known at the time of the transaction where the failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed.

(h)   Plaintiff is totally disabled, in that he cannot perform the material duties of his own occupation, and he cannot perform the material duties of any other occupation which his medical condition, education, training, or experience would reasonably allow;

(i)   Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

(j)   Defendant's interpretation of the definition of disability contained in The Policy is contrary to the plain language of The Policy, as it is unreasonable, arbitrary, and capricious;

(k)   Defendant failed to furnish Plaintiff a Full and Fair Review;

(l)   Defendant failed to specify information necessary to perfect Plaintiff's appeal;

(m)   Defendant has denied Plaintiff based on a selective and incomplete review of the records;

(n)   Defendant failed to credit Plaintiff's treating doctor's opinion;

(o)   Defendant has wrongfully terminated Plaintiff's LTD benefits without evidence of improvement;

(p)   Defendant's request for objective evidence was improper;

12

(q)   Defendant failed to credit Plaintiff's credible complaints of pain and fatigue;

(r)   Defendant failed to consider the side effects of Plaintiff's medications;

(s)   Defendant has wrongfully relied on paid consultants' opinions as substantial evidence;

(t)   Defendant has wrongfully relied on a reviewing doctor's opinion who failed to consider Plaintiff's occupation and/or vocational abilities;

(u)   Defendant failed to give Plaintiff an opportunity to respond to new evidence;

(v)   Defendant's objective is to terminate Plaintiff's claim which is contrary to its duty as a fiduciary to act in good faith;

(w)   Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

(x)   Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

79.   Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §2(c)).

## VIII. THIRD CAUSE OF ACTION:

### Breach of Covenant of Good Faith and Fair Dealing

80.   Plaintiff repeats and realleges paragraphs 1 - 79 of this Petition as if set

13

forth herein.

81.     By selling the insurance policy to Plaintiff and by collecting substantial premiums therefore, Defendant assumed a duty of good faith and fair dealing toward Plaintiff.

82.     The Plan contains an implied promise that it would deal fairly and in good faith with Plaintiff and would do nothing to injury, frustrate, or interfere with Plaintiff's rights to receive benefits und the Plan.

83.     Defendant breached its duty of good faith and fair dealing toward Plaintiff in one or more of the following ways:

(a)     By failing to pay benefits to Plaintiff when Defendant knew or reasonably should have known that Plaintiff was entitled to such benefits;

(b)     By interpreting ambiguous Plan provisions against Plaintiff and in favor of its own financial interests;

(c)     By interpreting the factual circumstances of Plaintiff's disability condition against Plaintiff and in favor of its own financial interests;

(d)     By failing to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled, including several determinations from Plaintiff's treating physician.

(e)     By misrepresenting Plan coverage, conditions, exclusions, and other provisions;

(f)     By interpreting the definition of disability contained in the Plan contrary to the plain language of the Policy and in an unreasonable,

14

arbitrary, and capricious manner;

(g)     By failing to provide a reasonable explanation of the basis for the denial of disability benefits to Plaintiff; and

(h)     By compelling Plaintiff to initiate this action to obtain the benefits to which Plaintiff was entitled under the Plan.

84.     By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Plaintiff suffered financial hardship, substantial emotional duress, mental anguish, and pain and suffering which exacerbated his depression and anxiety.

85.     The actions of Defendant amount to egregious tortuous conduct directed at Plaintiff, a consumer of insurance.

86.     Defendant's actions directed at Plaintiff are part of a pattern of similar conduct directed at the public generally.

87.     Defendant's actions were and are materially misleading and have caused injury to Plaintiff.

88.     Defendant carelessly relied on its own flawed review of the records instead of in person medical examinations to decide to discontinue paying benefits.

89.     By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Defendant is liable to Plaintiff for compensatory damages and, for its egregious tortuous conduct, punitive damages, and attorneys' fees, costs, and disbursements incurred in connection with this action.

## IX. FOURTH CAUSE OF ACTION

### Fraud

90.     Plaintiff re-alleges and incorporates each allegation contained in

15

Paragraphs 1 - 89 of this Petition as if fully set forth herein.

91.     Defendant acted fraudulently as to each representation made to Plaintiff concerning material facts for the reason it would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be acted upon by Plaintiff, who relied on those representations, thereby causing injury and damage to Plaintiff.

## X.  FIFTH CAUSE OF ACTION

### Prompt Payment of Claim

92.     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 - 91 of this Petition as if fully set forth herein.

93.     Defendant failed to timely request from Plaintiff any additional items, statements or forms that Defendant reasonably believed to be required from Plaintiff, in violation of Texas Insurance Code section 542.055 (a)(2)-(3).

94.     Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements, and forms required by Defendant in violation of Texas Insurance Code section 542.056(a).

95.     Defendant delayed payment of Plaintiff's claim in violation of Texas Insurance Code section 542.058(a).

## XI. SIXTH CAUSE OF ACTION

### Statutory Interest

96.     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1- 95 of this Petition as if fully set forth herein.

16

97.    Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code section 542.060.

## XII.  CAUSATION

98.    The conduct described in this petition was a producing and proximate cause of damages to Plaintiff.

## XIII.  DECLARATORY RELIEF

99.    Pleading further, Plaintiff would show he is entitled to declaratory relief pursuant to Section 37 of the Texas Civil Practices and Remedies Code.  Specifically, Plaintiff would show that he is entitled to declaratory relief due to Defendant's breach of its contractual obligation under the terms of The Policy. TEX. CIV. PRACT. & REM. CODE § 37.001.

100.    The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for LTD benefits to Defendant.  The evidence will show that Defendant denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's condition does not meet The Policy's definition of "disabled".

101.    The conduct of Defendant as described above creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant.  Therefore, Plaintiff requests the Court exercise its power afforded under §37.001 et. seq. of the Texas Civil Practice and Remedies Code and declare the specific rights and statuses of the parties herein.  Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that he is disabled as

17

that term is both commonly understood and as defined by the insurance contract made the basis of this suit.

## IX.  ATTORNEYS FEES

102.   Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees as are equitable and just under §37.009 of the Texas Civil Practices and Remedies Code, §38.001 of the Texas Civil Practices and Remedies Code, and Section 542 of the Texas Insurance Code.

## X.  REQUEST FOR DISCLOSURE

103.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XI.  JURY DEMAND

104.   In accordance with Texas Rule of Civil Procedure, Plaintiff requests a trial by jury of all issues raised in this civil action that are triable by right (or choice) by a jury.

## XII. KNOWLEDGE

105.   Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## XIII. RESULTING LEGAL DAMAGES

106.   Plaintiff is entitled to the actual damages resulting from Defendant's violations of the law. These damages include the consequential damages to his economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued

18

impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

107.   As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

108.   Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

109.   Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

110.   Plaintiff is entitled to statutory interest on the amount of his claim at the rate of 18% per year as damages under Texas Insurance Code section 542.060(a).

111.   Plaintiff is also entitled to the recovery of attorneys' fees pursuant to Texas Civil Practice & Remedies Code section 38.001, Texas Insurance Code section 542.060(a)(b), Texas Business & Commerce Code section 17.50, and Texas Civil Practice & Remedies Code section 37.009.

## XIV. PRAYER

112.   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court GRANT Plaintiff declaratory and injunctive relief, finding that he is entitled to all past due short term and long term disability benefits and waiver of premiums benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future short term and long term disability benefits and waiver of premium benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

19

113.   Enter an order awarding Plaintiff all reasonable actual and punitive damages, pre- and post-judgment interest as allowed by law, attorney fees, costs of suit and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and;

114.   Enter an award for such other relief as may be just and appropriate.

Dated: 8/17/17

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.

By:   /s/ Marc Whitehead
Marc S. Whitehead
    Tex. Bar No. 00785238
    Fed. I.D. Bar No. 15465
    marc@marcwhitehead.com
J. Anthony Vessel
    Tex. Bar. No. 24084019
    Fed. I.D. No. 1692384
    anthony@marcwhitehead.com
Britney Anne Heath McDonald
    Tex. Bar. No. 24083158
    Fed. I.D. Bar No. 2621983
    britney@marcwhitehead.com
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940
ATTORNEY-IN-CHARGE
FOR PLAINTIFF,
EDWARD NNADI

**3**

9/15/2017 10:44 AM
Chris Daniel - District Clerk Harris County
Envelope No. 19457288
By: TERESA KIRBY
Filed: 9/15/2017 10:44 AM

CAUSE NO.  201755114

RECEIPT NO.        0.00    MTA
**********      TR # 73408370

| | |
|---|---|
| PLAINTIFF: NNADI, EDWARD | In The   61st |
| vs. | Judicial District Court |
| DEFENDANT: UNUM LIFE INSURANCE COMPANY OF AMERICA | of Harris County, Texas |
| | 61ST DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: UNUM LIFE INSURANCE COMPANY OF AMERICA MAY BE SERVED BY SERVING ITS
    REGISTERED AGENT CORPORATION SERVICE COMPANY
    211  E 7TH STREET SUITE 620   AUSTIN TX  78701 - 3218
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND

This instrument was filed on the 17th day of August, 2017, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 23rd day of August, 2017, under my hand and
seal of said Court.

Issued at request of:                    CHRIS DANIEL, District Clerk
WHITEHEAD, MARC STANLEY                  Harris County, Texas
5300  MEMORIAL DRIVE, SUITE 725          201 Caroline, Houston, Texas 77002
                                         (P.O. Box 4651, Houston, Texas 77210)
HOUSTON, TX  77007
Tel: (713) 228-8888                      Generated By: BRINCEFIELD, REGINA LYNN
Bar No.: 785238                          G8B//10756880

OFFICERS AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M. on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                    _____

                                    _____ of _____County, Texas

_____     By _____
        Affiant                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                    _____
                                              Notary Public

N.INT.CITR.P                *73408370*

# 61st District Court of HARRIS County, Texas
201 CAROLINE, 9TH FLOOR HOUSTON TX 77002

## CASE #: 201755114

NNADI, EDWARD

*Plaintiff*
**vs**
**UNUM LIFE INSURANCE COMPANY OF AMERICA**

*Defendant*

### AFFIDAVIT OF SERVICE

I, REGINALD EUGENE BENNETT, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents stated
below on 09/14/17 12:39 pm, instructing for same to be delivered upon Unum Life Insurance
Company Of America By Delivering To Its Registered Agent, Corporation Service Company.

That I delivered to       : Unum Life Insurance Company Of America By Delivering To Its
                            Registered Agent, Corporation Service Company. By Delivering to
                            Sue Vertrees, authorized to accept

the following             : CITATION; PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR
                            DISCLOSURE AND JURY DEMAND

at this address           : 211 E 7th Street Ste 620
                            AUSTIN, Travis County, TX 78701

Manner of Delivery        : By PERSONALLY delivering the document(s) to the person
                            above.

Delivered on              : Thursday SEP 14, 2017 2:00 pm


My name is REGINALD EUGENE BENNETT, my date of birth is OCT 11th, 1959, and my
address is Professional Civil Process Downtown, 2211 S. IH 35, Suite 105, Austin TX
78741, and U.S.A.  I declare under penalty of perjury that the foregoing is true and
correct.

Executed in Travis County, State of Texas, on the _____ 15 _____ day of
_____SEPTEMBER_____, 20 17 .

REGINALD EUGENE BENNETT                               Declarant
2448
                     Texas Certification#: SCH-12661 Exp. 05/31/2020

                            PCP Inv#: Z17900062
                            SO  Inv#: A17901612

+ Service Fee:   75.00
  Witness Fee:     .00
  Mileage Fee:     .00

tomcat                              Whitehead, Marc

                                        **E-FILE RETURN**

AX02A17901612